UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------
In re                                                DECISION AND ORDER

    DAVID DePUMPO                                    04-12382 B
    ANN DePUMPO,

                Debtors
--------------------------------------------------

                Thomas J. Gaffney, Esq.
                80 West Huron Street
                Buffalo, New York 14202
                Trustee

                David DePumpo
                393 E. Main Street
                Springville, New York 14141
                Debtor Pro Se

Bucki, U.S.B.J.

    The issue in this joint case is whether administrative expenses can be allowed, even when no other creditors can assert claims against assets that are available for distribution.

    David and Ann DePumpo filed a joint petition for relief under chapter 7 of the Bankruptcy Code on April 2, 2004. Shortly thereafter, the Office of the United States Trustee appointed Thomas J. Gaffney to serve as the case trustee. During the course of his administration of the bankruptcy estate, the trustee discovered only one potentially non-exempt asset, namely a policy of life insurance. In schedules filed with their bankruptcy petition, however, the debtors had claimed this asset to be exempt. Thus, the trustee moved to disallow this exemption and to compel the debtors to turnover the cash value of the policy. After a hearing on July 26, 2004, this court granted the trustee's motion.

The disputed policy of insurance covered the life of David DePumpo and designated Ann DePumpo as beneficiary. Under the authority of *In re Teufel*, No. 02-CV-81S (W.D.N.Y. Sept. 24, 2002),[1] the insurance contract is properly treated as a non-exempt asset in the estate of Ann DePumpo, for distribution to her creditors. Despite the order of this court directing a turnover, Mr. and Mrs. DePumpo initially failed to deliver the value of the policy to the trustee. As a consequence, the trustee filed a motion to hold the debtors in contempt and for sanctions. In response, the debtors turned over a portion of the value, and objected to any further payment until the trustee had established the claims against Mrs. DePumpo's estate. After hearing argument from both trustee and debtors, this court issued an order directing the debtor to pay to the trustee the remaining cash value, which the trustee would hold during the process of reviewing claims. Shortly after the issuance of this order, the trustee caused the sending of notice to all creditors that proofs of claim would be due by February 9, 2005. Now, with benefit of his review of all claims, the trustee has renewed his request for a determination of rights to the funds in his possession.

Only two creditors have filed proofs of claim in this case, and both claims assert only a liability of David DePumpo. Pursuant to Bankruptcy Rule 3004, the trustee may file a proof of claim in the name of a creditor. In this instance, however, the debtors' schedules list only one unsecured creditor of Ann DePumpo, and that creditor is one of the two creditors that has filed a proof of claim. Notably, both its proof of claim and supporting documentation show that only David DePumpo has liability to that creditor.

---

[1]For a description of the decision in *In re Teufel*, see my opinion in *In re Trautman*, 296 B.R. 651 (Bankr. W.D.N.Y. 2003).

In response to the trustee's current motion, Mr. and Mrs. DePumpo ask that the court direct a return of all assets of the estate, without reservation for any expenses of the trustee. They contend that because no creditors have asserted claims against the estate of Ann DePumpo, the trustee should never have attempted to administer the insurance policy. Hence, they assert that the trustee's expenses are not properly chargeable against non-exempt assets, and that those assets should be returned in full to the debtors.

If the schedules had clearly indicated that Ann DePumpo had no creditors, then perhaps the trustee should have avoided any administration of the insurance policy. But then, she would have had no reason to file a petition for bankruptcy relief. In the present instance, Ann's schedules indicated the existence of one nonpriority unsecured creditor, as well as secured debt that might be under-collateralized. Further, the schedules erroneously claimed an exemption with respect to the life insurance policy. Pursuant to Bankruptcy Rule 4003(b), a bankruptcy trustee must object to an exemption within thirty days of the conclusion of the meeting of creditors. Under these circumstances, Mr. Gaffney lacked the luxury of deferring his objection until after a determination of claims.

Even if Ann DePumpo had no unsecured debts when she filed her bankruptcy, the act of filing opened possibilities for administrative liabilities. The most probable of these liabilities are the legal expenses of the estate. Section 330(a)(3) of the Bankruptcy Code identifies five non-exclusive factors that the court should consider in determining the reasonable compensation of counsel for a trustee. These factors include "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered* toward the completion of, a case." 11 U.S.C. §330(a)(3)(C)(emphasis added). At the time that he first objected to the

claim of exemption, the trustee acted properly to protect the interests of the bankruptcy estate of Ann DePumpo.   Thus, the trustee may appropriately request that his own expenses be allowed as administrative claims.   Of course, the propriety of any particular expense is a matter to be decided upon proper application.   Indeed, because the issue is not yet presented, this court is unable to predict the amount of any administrative charges.   Before returning the cash value of the insurance to the debtors, however, the trustee may seek administrative expenses, to the extent that those expenses are allowable under 11 U.S.C. §503(b).

The inclusion of Ann DePumpo into this bankruptcy proceeding may have been a mistake, but it was not a mistake by the trustee.   Nonetheless, the court recognizes the right of Mr. and Mrs. DePumpo to receive an appropriately prompt return of any assets that are not subject to distribution by the trustee.   Accordingly, the court will direct that the parties contact my chambers to schedule an early date in court for a report on the status of this matter and any application for allowance of professional fees.

So ordered.

Dated:     Buffalo, New York                    /s/ CARL L. BUCKI
           May 26, 2005                                U.S.B.J.